B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Stone Rose, LP | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>20-4262365 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>312 W State St<br>Geneva, IL<br>ZIP Code 60134 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Kane | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Stone Rose, LP<br>c/o G A McTavish<br>105 E Galena Blvd, Suite 800<br>Aurora, IL<br>ZIP Code 60505 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):  Kansas City, KS | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ■ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ■ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ■ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ■ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

B1 (Official Form 1)(04/13)                                                                                                    Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Stone Rose, LP |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   - None - | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                              Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Stone Rose, LP |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** /s/ G. Alexander McTavish
Signature of Attorney for Debtor(s)

 G. Alexander McTavish
Printed Name of Attorney for Debtor(s)

 Myler, Ruddy & McTavish
Firm Name

105 E. Galena Blvd.
8th Floor
Aurora, IL 60505

Address

 amctavish@mrmlaw.com  cmyler@mrmlaw.com
630-897-8475  Fax: 630-897-8076
Telephone Number

 April 19, 2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Joseph G. Dinges
Signature of Authorized Individual

 Joseph G. Dinges
Printed Name of Authorized Individual

 President, Stone Rose Mgmt, Inc, General Partner
Title of Authorized Individual

 April 19, 2013
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stone Rose, LP                                  Case No. _____
                                             Debtor(s)         Chapter        11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

         Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| 22 High Rd LLC<br>7101 Cupola Ct<br>Cary, IL 60013 | 22 High Rd LLC<br>7101 Cupola Ct<br>Cary, IL 60013 | Loan | | 16,250.00 |
| Bernard Hirsch IRA<br>2015 Gladstone Dr<br>Wheaton, IL 60187 | Bernard Hirsch IRA<br>2015 Gladstone Dr<br>Wheaton, IL 60187 | Loan | | 16,250.00 |
| Brian Murphy<br>4N886 Dover Hill Road<br>Saint Charles, IL 60175 | Brian Murphy<br>4N886 Dover Hill Road<br>Saint Charles, IL 60175 | Claimed promissory notes | Contingent<br>Unliquidated<br>Disputed | 230,000.00 |
| Caren Messina Hirsch<br>2105 Gladstone Dr<br>Wheaton, IL 60187 | Caren Messina Hirsch<br>2105 Gladstone Dr<br>Wheaton, IL 60187 | Loan | | 16,250.00 |
| Charles Mark Jackson<br>1480 Lloyd Ct<br>Wheaton, IL 60187 | Charles Mark Jackson<br>1480 Lloyd Ct<br>Wheaton, IL 60187 | Loan | | 9,770.00 |
| David Cohen<br>5855 N  Sheridan Rd, #18A<br>Chicago, IL 60660 | David Cohen<br>5855 N  Sheridan Rd, #18A<br>Chicago, IL 60660 | Loan | | 124,474.00 |
| DELT Properties, LLC<br>c/o Dan LaMont<br>24782 Red Lodge Pl<br>Laguna Hills, CA 92653 | DELT Properties, LLC<br>c/o Dan LaMont<br>24782 Red Lodge Pl<br>Laguna Hills, CA 92653 | Loan | | 32,500.00 |
| Denker & Muscarello<br>4N701 School Road<br>Saint Charles, IL 60175 | Denker & Muscarello<br>4N701 School Road<br>Saint Charles, IL 60175 | Services | Disputed | 81,644.82 |
| G Porter & Co<br>3104 Greenwood Ln<br>Saint Charles, IL 60175 | G Porter & Co<br>3104 Greenwood Ln<br>Saint Charles, IL 60175 | Loan | | 16,250.00 |
| Gary L Conover Trust<br>6995 Grandview Dr<br>Petersburg, IL 62675 | Gary L Conover Trust<br>6995 Grandview Dr<br>Petersburg, IL 62675 | Loan | | 40,500.00 |
| Gary Mills<br>2150 W Irving Park Rd, Unit D<br>Chicago, IL 60618-3924 | Gary Mills<br>2150 W Irving Park Rd, Unit D<br>Chicago, IL 60618-3924 | Loan | | 10,725.00 |

B4 (Official Form 4) (12/07) - Cont.

In re    Stone Rose, LP                                    Case No. _____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Geraldine Knaak Estate<br>c/o Northern Trust<br>505 S LaSalle St<br>Chicago, IL 60603 | Geraldine Knaak Estate<br>c/o Northern Trust<br>505 S LaSalle St<br>Chicago, IL 60603 | Loan | | 65,000.00 |
| Harold Engh<br>2455 Oak Bend Pl<br>Newburgh, IN 47630 | Harold Engh<br>2455 Oak Bend Pl<br>Newburgh, IN 47630 | Loan | | 16,250.00 |
| Keith R Bishop IRA<br>228 Newton Ave<br>Glen Ellyn, IL 60137 | Keith R Bishop IRA<br>228 Newton Ave<br>Glen Ellyn, IL 60137 | Loan | | 13,000.00 |
| Pearle Cohen<br>5855 N  Sheridan Rd,  #18A<br>Chicago, IL 60660 | Pearle Cohen<br>5855 N  Sheridan Rd,  #18A<br>Chicago, IL 60660 | Loan | | 17,865.00 |
| Phil Cunningham<br>36W525 Michael Ct<br>Saint Charles, IL 60175 | Phil Cunningham<br>36W525 Michael Ct<br>Saint Charles, IL 60175 | Loan | | 11,700.00 |
| Robert E Pradelski<br>7101 Cupola Ct<br>Cary, IL 60013 | Robert E Pradelski<br>7101 Cupola Ct<br>Cary, IL 60013 | Loan | | 21,577.00 |
| Robert E Pradelski Trust<br>7101 Cuploa Ct<br>Cary, IL 60013 | Robert E Pradelski Trust<br>7101 Cuploa Ct<br>Cary, IL 60013 | Loan | | 13,000.00 |
| Silver Land I, LLC<br>c/o Jerry Olson<br>36W663 Andrea Ct<br>Saint Charles, IL 60175 | Silver Land I, LLC<br>c/o Jerry Olson<br>36W663 Andrea Ct<br>Saint Charles, IL 60175 | Loan | | 12,675.00 |
| WOZ 1, LLC<br>c/o Rand Zimmerman<br>3844 Milwaukee Wt<br>Denver, CO 80206 | WOZ 1, LLC<br>c/o Rand Zimmerman<br>3844 Milwaukee Wt<br>Denver, CO 80206 | Loan | | 9,750.00 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President, Stone Rose Mgmt, Inc, General Partner of the partnership named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    April 19, 2013 _____        Signature    /s/ Joseph G. Dinges _____
                                                            Joseph G. Dinges
                                                            President, Stone Rose Mgmt, Inc, General Partner

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Stone Rose, LP                                    ,    Case No. _____

                    Debtor

                                                          Chapter_____11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 4,000,000.00 | | |
| B - Personal Property | Yes | 3 | 12,496,059.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 6,000,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 11 | | 930,401.82 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J -  Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 16,496,059.00 | | |
| Total Liabilities | | | | 6,930,401.82 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Stone Rose, LP                                     ,       Case No. _____

                               Debtor

Chapter _____ 11 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re    Stone Rose, LP                                                    ,      Case No. _____
                                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 82 acres of vacant land at 123rd St and Parallel Pky, Kansas City, MO | Fee Simple | - | 4,000,000.00 | 2,000,000.00 |

|  | Sub-Total > | 4,000,000.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 4,000,000.00 | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   Stone Rose, LP _____ ,   Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Acct #XXXX8910<br>Chase Bank<br>536 Randall Rd<br>South Elgin, IL 60177 | - | 25,317.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                  Sub-Total >      25,317.00
                              (Total of this page)

  __2__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Stone Rose, LP                                          ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | 75% interest as a member of Big House Investments, LLC, a California limited liability company; company owns 17 acres of vacant land at 110th St. and I-70 in Edwardsville, Kansas; land is subject to a contract for sale for $6,000,000 and is subject to a $4.0 million mortgage in favor of Metcalf Bank, Kansas City, Missouri | - | 4,500,000.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Amount due from Joel Burns | - | 1,173,284.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    5,673,284.00
(Total of this page)

Sheet ___1___ of ___2___ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re      Stone Rose, LP                                    ,        Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claim against Darren Niemann | - | 443,345.00 |
| | | Claim against Matt Stoen | - | 4,358,094.00 |
| | | Claim against Hayley Stoen | - | 1,996,019.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >        6,797,458.00
(Total of this page)

Total >        12,496,059.00

Sheet _2_ of _2_ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    Stone Rose, LP _____,    Case No. _____
                           **Debtor**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxx7151<br><br>Metcalf Bank<br>PO Box 748<br>Jefferson City, MO 65102 | X | - | 1/20/2011<br><br>First mortgage<br><br>82 acres of vacant land at 123rd St and Parallel Pky, Kansas City, MO | | | | | |
| | | | Value $          4,000,000.00 | | | | 2,000,000.00 | 0.00 |
| Account No. 7151<br><br>Metcalf Bank<br>4801 Town Center Drive<br>Leawood, KS 66207 | X | - | 9/20/2011<br><br>First mortgage<br><br>17 acres of vacant land at 110th Street and I-70, Edwardsville, Kansas | | | | | |
| | | | Value $          5,500,000.00 | | | | 4,000,000.00 | 0.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

| | | |
|---|---|---|
| _0_ continuation sheets attached | Subtotal<br>(Total of this page) | 6,000,000.00 | 0.00 |
| | Total<br>(Report on Summary of Schedules) | 6,000,000.00 | 0.00 |

B6E (Official Form 6E) (4/13)

.

In re    Stone Rose, LP                                                                        ,    Case No. _____
                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____0_____ continuation sheets attached

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re ___Stone Rose, LP_____,    Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. | | 2010 Loan | | | | | | | |
| 22 High Rd LLC 7101 Cupola Ct Cary, IL 60013 | - | | | | | | | | 16,250.00 |
| Account No. | | 2010 Loan | | | | | | | |
| Alan D Swanson 6N999 Bristol Ct Saint Charles, IL 60175 | | | | | | | | | 6,500.00 |
| Account No. | | 2010 Loan | | | | | | | |
| Albert Bare c/o Jordan Chalmers 4229 N Albany Ave Chicago, IL 60618 | - | | | | | | | | 9,750.00 |
| Account No. | | 2010 Loan | | | | | | | |
| Bernard Hirsch IRA 2015 Gladstone Dr Wheaton, IL 60187 | - | | | | | | | | 16,250.00 |
| __10__ continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 48,750.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re   Stone Rose, LP                                                        ,   Case No. _____
                                    **Debtor**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No.** <br><br> Brian Murphy <br> 4N886 Dover Hill Road <br> Saint Charles, IL 60175 | - | | 2010 <br> Claimed promissory notes | X | X | X | 230,000.00 |
| **Account No.** <br><br> Brian Murphy IRA <br> 65 West Ave, #701 <br> Miami Beach, FL 33139 | - | | 2010 <br> Loan | X | X | X | 3,260.00 |
| **Account No.** <br><br> Caren Messina Hirsch <br> 2105 Gladstone Dr <br> Wheaton, IL 60187 | - | | 2010 <br> Loan | | | | 16,250.00 |
| **Account No.** <br><br> Charles Mark Jackson <br> 1480 Lloyd Ct <br> Wheaton, IL 60187 | - | | 2010 <br> Loan | | | | 9,770.00 |
| **Account No.** <br><br> Dan Dal Degan <br> 3817 Grandview Ct <br> Saint Charles, IL 60175 | - | | 2010 <br> Loan | | | | 4,500.00 |

Sheet no. __1__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      263,780.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP _____ ,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Daniel A Sergei 15180 Thiesan Trail Batavia, IL 60510 | - | | | X | X | X | Unknown |
| Account No. | | | 2010 Loan | | | | |
| David Cohen 5855 N  Sheridan Rd, #18A Chicago, IL 60660 | - | | | | | | 124,474.00 |
| Account No. | | | 2010 Loan | | | | |
| David Durtsche 7N190 Lancaster Rd Saint Charles, IL 60175 | - | | | | | | 6,500.00 |
| Account No. | | | 2010 Loan | | | | |
| DELT Properties, LLC c/o Dan LaMont 24782 Red Lodge Pl Laguna Hills, CA 92653 | - | | | | | | 32,500.00 |
| Account No. | | | Various Services | | | | |
| Denker & Muscarello 4N701 School Road Saint Charles, IL 60175 | - | | | | | X | 81,644.82 |

Sheet no. __2__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     245,118.82

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP                                                        ,     Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>G Porter & Co<br>3104 Greenwood Ln<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 16,250.00 |
| Account No.<br><br>Gary L Conover IRA<br>16995 Grandview Dr<br>Petersburg, IL 62675 | - | | | 2010<br>Loan | | | | 3,330.00 |
| Account No.<br><br>Gary L Conover Trust<br>6995 Grandview Dr<br>Petersburg, IL 62675 | - | | | 2010<br>Loan | | | | 40,500.00 |
| Account No.<br><br>Gary Mills<br>2150 W Irving Park Rd, Unit D<br>Chicago, IL 60618-3924 | - | | | 2010<br>Loan | | | | 10,725.00 |
| Account No.<br><br>Gerald C Olson<br>36W663 Andrea Ct<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 6,500.00 |

Sheet no.  _3_  of  _10_  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            77,305.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP _____ ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.                                             | | | | 2010 Loan | | | | |
| Geraldine Knaak Estate c/o Northern Trust 505 S LaSalle St Chicago, IL 60603 | - | | | | | | | 65,000.00 |
| Account No.                                             | | | | 2010 Loan | | | | |
| Harold Engh 2455 Oak Bend Pl Newburgh, IN 47630 | - | | | | | | | 16,250.00 |
| Account No.                                             | | | | | | | | |
| Ivy Grove LLC/Dominic A Sergi SFP CRE 200 W Monroe St, Ste 1700 Chicago, IL 60606 | - | | | | X | X | X | Unknown |
| Account No.                                             | | | | | | | | |
| Ivy Grove, LLC 200 W Monroe St Chicago, IL 60606 | - | | | | X | X | X | Unknown |
| Account No.                                             | | | | 2010 Loan | | | | |
| John C Harris 7200 Jarboe St Kansas City, MO 64114 | - | | | | | | | 9,750.00 |

Sheet no. __4__ of __10__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)           91,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP _____,    Case No. _____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | 2010 Loan | | | | |
| John Stewart | - | | | | | | | 1,000.00 |
| Account No. | | | | 2010 Loan | | | | |
| Jordan Chalmers 4229 N Albany Ave Chicago, IL 60618 | - | | | | | | | 293.00 |
| Account No. | | | | 2010 Loan | | | | |
| Joseph G Dinges 36W370 Andrea Ct Saint Charles, IL 60175 | - | | | | | | | 4,355.00 |
| Account No. | | | | 2010 Loan | | | | |
| Keith R Bishop IRA 228 Newton Ave Glen Ellyn, IL 60137 | - | | | | | | | 13,000.00 |
| Account No. | | | | 2010 Loan | | | | |
| Kenneth F DeVito Trust 77 S Evergreen Ave, #1001 Arlington Heights, IL 60005 | - | | | | | | | 6,500.00 |

Sheet no. __5__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          25,148.00

B6F (Official Form 6F) (12/07) - Cont.

In re   Stone Rose, LP                                                    ,   Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Kenneth Johnson<br>36W509 Michaell Ct<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 6,300.00 |
| Account No.<br><br>Kevin M Knudson<br>36W912 Walnut Ridge Ln<br>Saint Charles, IL 60174 | - | | | 2010<br>Loan | | | | 1,200.00 |
| Account No.<br><br>Linda Kay Harris<br>7200 Jarboe St<br>Kansas City, MO 64114 | - | | | 2010<br>Loan | | | | 9,750.00 |
| Account No.<br><br>Michael Gow<br>36W136 Fieldcrest<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 6,500.00 |
| Account No.<br><br>Michael McNamara<br>36W455 Lancaster Rd<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 6,500.00 |

Sheet no. __6__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

30,250.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP
_____,    Case No. _____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Patricia K Bellah<br>5N211 Wilton Croft Rd<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 1,500.00 |
| Account No.<br><br>Pearle Cohen<br>5855 N  Sheridan Rd,  #18A<br>Chicago, IL 60660 | - | | | 2010<br>Loan | | | | 17,865.00 |
| Account No.<br><br>Phil Cunningham<br>36W525 Michael Ct<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 11,700.00 |
| Account No.<br><br>Richard B Shillingburg<br>272 Remington Dr<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 6,500.00 |
| Account No.<br><br>Richard J Pederson<br>850 Deerpath Ct<br>Wheaton, IL 60187 | - | | | 2010<br>Loan | | | | 6,500.00 |

Sheet no. __7__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    44,065.00

B6F (Official Form 6F) (12/07) - Cont.

In re     Stone Rose, LP                                                    ,    Case No. _____
                              **Debtor**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | 2010 Loan | | | | | | |
| Robert Breisch 1907 Bull Ridge Drive McHenry, IL 60050 | - | | | | | | | 6,500.00 |
| Account No. | | 2010 Loan | | | | | | |
| Robert Douglas Leeper 36W410 Lancaster Rd Saint Charles, IL 60175 | - | | | | | | | 6,240.00 |
| Account No. | | 2010 Loan | | | | | | |
| Robert E Pradelski 7101 Cupola Ct Cary, IL 60013 | - | | | | | | | 21,577.00 |
| Account No. | | 2010 Loan | | | | | | |
| Robert E Pradelski Trust 7101 Cuploa Ct Cary, IL 60013 | - | | | | | | | 13,000.00 |
| Account No. | | 2010 Loan | | | | | | |
| Robert L Harris 1401 Acorn Ct Dundee, IL 60118 | - | | | | | | | 9,750.00 |

Sheet no. __8__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

57,067.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP                                                    ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Sandra Conover<br>16995 Grandview Dr<br>Petersburg, IL 62675 | - | | | 2010<br>Loan | | | | 3,915.00 |
| Account No.<br><br>Sergei Enterprises, LLP<br>811 W Evergreen, Ste 101<br>Chicago, IL 60642 | - | | | | X | X | X | Unknown |
| Account No.<br><br>SFD Group, LP<br>200 W Monroe St<br>Chicago, IL 60606 | - | | | | X | X | X | Unknown |
| Account No.<br><br>Sharon E Frolick<br>835 Santa Maria Dr<br>Naperville, IL 60540 | - | | | 2010<br>Loan | | | | 6,500.00 |
| Account No.<br><br>Silver Land I, LLC<br>c/o Jerry Olson<br>36W663 Andrea Ct<br>Saint Charles, IL 60175 | - | | | 2010<br>Loan | | | | 12,675.00 |

Sheet no. _9_ of _10_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        23,090.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stone Rose, LP _____,   Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | 2010 Loan | | | | |
| William J Bellah 5N211 Wilton Croft Rd Saint Charles, IL 60175 | - | | | | | | 8,710.00 |
| Account No. | | | 2010 Loan | | | | |
| William Vaughn Moore 7N204 Windsor Dr Saint Charles, IL 60175 | - | | | | | | 6,368.00 |
| Account No. | | | 2010 Loan | | | | |
| WOZ 1, LLC c/o Rand Zimmerman 3844 Milwaukee Wt Denver, CO 80206 | - | | | | | | 9,750.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

| Sheet no. _10_ of _10_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 24,828.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 930,401.82 |

B6G (Official Form 6G) (12/07)

In re     Stone Rose, LP                                                     ,     Case No. _____
                                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| Tom Kelly<br>15290 Stillwell Road<br>Bonner Springs, KS 66012 | Farm lease<br>Debtor is landlord and receives rent of $2275 per year |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    Stone Rose, LP                                                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Hayley Stoen | Metcalf Bank<br>PO Box 748<br>Jefferson City, MO 65102 |
| Steve Perry<br>25131 Buckskin<br>Laguna Hills, CA 92653 | Metcalf Bank<br>4801 Town Center Drive<br>Leawood, KS 66207 |

_0_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stone Rose, LP
                                              Debtor(s)

Case No. _____
Chapter      11

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President, Stone Rose Mgmt, Inc, General Partner of the partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___21___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    April 19, 2013                    Signature    /s/ Joseph G. Dinges
                                                        Joseph G. Dinges
                                                        President, Stone Rose Mgmt, Inc, General Partner

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stone Rose, LP        Case No. _____

               Debtor(s)      Chapter   11

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $0.00 | 2013 YTD: |
| $0.00 | 2012: |
| $0.00 | 2011: |

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $2,275.00 | 2013 YTD: Farm lease rent |

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| $2,275.00 | 2012: Farm lease rent |
| $2,275.00 | 2011: Farm lease rent |

### 3. Payments to creditors

**None** ■

***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Brian Murphy v Iodynamic, LLC, Stone Rose, LP, and Matthew Stoen Case No 10 L 531 | Suit on promissory note | Circuit Court for the 16th Judicial Circuit, Kane County, Illinois | Pending |
| SFP Group, LP, et al v Stone Rose, LP, et al 2010 CH 24509 | Tort | Circuit Court of Cook County, Cook County, Illinois | Pending |
| Denker & Muscarello, LLC v Stone Rose Management, Inc, et al 12 L 661 | Collection | Circuit Court for the 16th Judicial Circuit, Kane County, Illinois | Pending |

**None** ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

---

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

---

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

### 9.  Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Myler, Ruddy & McTavish<br>105 E. Galena Blvd.<br>Suite 800<br>Aurora, IL 60505 | 2/1/2013 | $32,350 advance payment retainer<br>$1213 applied to filing fee<br>$5637.50 applied to prepetition services; $1.52 applied to prepetition expenses |

### 10.  Other transfers

None ■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11.  Closed financial accounts

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| The Private Bank<br>24 S 2nd St<br>Saint Charles, IL 60174 | Checking Acct No XXXX6496 | Closed in 2012; balance of approximately $100,000 transferred to Chase account listed in schedule B |

### 12.  Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

B7 (Official Form 7) (04/13)
5

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/13)
6

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Big House Investments, LLC | XXXX6080 | | Real estate investment | _____ to present |

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Mueller and Co 1707 N. Randall Rd Elgin, IL 60124 | 2012 |

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

B7 (Official Form 7) (04/13)
7

| NAME | ADDRESS |
|---|---|
| Charles Muscarello | 4N701 School Road<br>St. Charles, IL 60175 |

None
■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None
■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
☐  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| Stone Rose Mgmt, Inc<br>Geneva, IL 60134 | General Partner | 0% |
| See attached schedule | Limited partner | See attached schedule |

None
■  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None
■  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

B7 (Official Form 7) (04/13)
8

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   April 19, 2013                              Signature   /s/ Joseph G. Dinges
                                                               Joseph G. Dinges
                                                               President, Stone Rose Mgmt, Inc, General Partner

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Northern District of Illinois

In re   Stone Rose, LP _____   Case No. _____

Debtor(s)   Chapter   11

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | Undetermined |
| Prior to the filing of this statement I have received | $ | 32,350.00 |
| Balance Due | $ | Undetermined |

2.  $ __1213.00__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☒ Debtor       ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ☒ Debtor       ☐ Other (specify):

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    Representation of the debtors in any adversary proceeding.

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

               G. Alexander McTavish
               Myler, Ruddy & McTavish
               105 E. Galena Blvd.
               8th Floor
               Aurora, IL 60505
               630-897-8475  Fax: 630-897-8076
               amctavish@mrmlaw.com  cmyler@mrmlaw.com

---

## ADVANCE PAYMENT RETAINER AGREEMENT

This Retainer Agreement is made between:

Myler, Ruddy & McTavish
105 E. Galena Blvd, Suite 800
Aurora, IL 60505
E-mail: AlexMcTavish@mrmlaw.com

("**Attorney**,") and:

Stone Rose Limited Partnership and Stone Rose Management, Inc.
36W670 Andrea Court
St. Charles, IL 60175
E-mail: joedinges@comcast.net

("**Client**").

### Recitals

Attorney has expertise in the representation of clients in bankruptcy matters and adversary proceedings related thereto. Client requires legal representation in connection with Client's financial status, assets, and liabilities, and the advisability of Client filing a bankruptcy under the United States Bankruptcy Code (the "**case**"). Client desires to retain Attorney to represent Client in the case and to provide such services as an independent contractor. Attorney is agreeable to such a relationship, and the purpose of this agreement is to formalize and define the relationship of the parties and to set forth all of the terms and conditions of their agreement.

The parties agree as follows:

### 1. Engagement

Client appoints Attorney as Client's counsel and retains Attorney upon the terms and conditions of this agreement. Attorney accepts the engagement and agrees to represent Client upon the terms and conditions of this agreement.

### 2. Authority and Description of Services

During the term of this agreement Attorney shall provide such professional services and advice in connection with the case as specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

### 3. Term of Agreement

This agreement is effective upon execution and will continue in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

### 4. Advance payment retainer

1

(a) Attorney is not obligated to provide any services until an advance payment retainer in the amount of 32,500 is received.

(b) The retainer to be paid under this agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred. On a periodic basis Attorney will render bills to Client showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this agreement any surplus of the retainer remaining will be refunded to Client. Client has chosen an advance payment retainer in this agreement because Client is contemplating filing a Chapter 11 bankruptcy and, absent an advance payment retainer arrangement, funds may not be available for the retention of Attorney.

(c) Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the attorney client relationship the amount of the security retainer remaining in the trust account will be refunded to the client.

(d) Client has the option to decline to pay an advanced payment retainer and insist upon the use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this agreement will be immediately terminated and neither of the parties will have any further rights against or obligations to the other.

5. **Duties of Client**

The duties of Client are as follows:

(a) Discuss with Attorney the Client's objectives in filing the case.

(b) Provide Attorney with full, accurate, and timely information, financial and otherwise, including properly documented proof of income.

(c) Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated by the plaintiff in the case.

(d) Client shall advise Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

(e) Client shall make its officers, directors and employees available for a deposition in the case, if requested.

(f) Client shall assist in any negotiations for settlement of the case.

(g) Because Attorney will rely on such information to be supplied by Client, all such information must be true, accurate, complete and not misleading, in all respects.

(h) Client shall keep itself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to it by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

(i) Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

## 6. Compensation, billing and payment

Attorney shall be compensated for services hereunder at the rate of $275 per hour plus reimbursement of all reasonable and necessary costs and expenses advanced on Client's behalf. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount will be charged against the amount of any remaining retainer with the balance due and payable by Client within 30 days of the date of the bill. Any amount remaining unpaid after 30 days will bear simple interest at the rate of 18% per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

## 7. Termination of Agreement

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this Agreement, Attorney may suspend any further performance under this Agreement until such time as payment is made or, upon notice to Client, terminate this Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

## 8. Notices

Notice hereunder may be written or oral and if written, must be addressed to the party at the address shown above or at such other address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three days after mailing.

## 9. Default

In the event Client fails to pay any amount due to Attorney hereunder, Attorney is entitled in any action brought to enforce this agreement to recover all costs and expenses incurred, including reasonable attorney fees.

### 10. Return of Records

Upon termination of this Agreement, Attorney shall deliver all records, notes, data, and memorandum of any nature that are in the control of Attorney that are the property of or relate to the case, except that Attorney may retain copies of anything delivered.

### 11. Disclaimer By Attorney

Attorney makes no representation to Client or others with respect to the results to be achieved in the case or that its efforts or services will result in the successful defense of the case or in any reduction of any liability Client may have thereunder.

### 12. Ownership of materials

All right, title and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement are and will remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client is entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive right to use all such materials.

### 13. Miscellaneous.

(a) Time is hereby expressly made of the essence of this Agreement with respect to the performance by the parties of their respective obligations hereunder.

(b) This Agreement contains the entire agreement of the parties. It is declared by the parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

(c) This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the parties and that said modifications or amendments are made only by an instrument in writing signed by the parties or an oral agreement to the extent that the parties carry it out.

(d) The failure of either party, at any time, to require any such performance by any other party shall not be construed as a waiver of such right to require such performance, and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

(e) THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE

4

BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF KANE COUNTY,
ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR
VENUE IN SUCH COURT.

(f) If any provision of this Agreement shall be held to be contrary to law, void, invalid or
unenforceable for any reason, such provision shall be deemed severed from this
Agreement and the remaining provisions of this Agreement shall continue to be valid and
enforceable. If a Court finds that any provision of this Agreement is contrary to law, void,
invalid or unenforceable and that by limiting such provision it would become valid and
enforceable, then such provision shall be deemed to be written, construed and enforced as
so limited.

(g) This Agreement may be executed in counterparts, notwithstanding the date or dates upon
which this Agreement is executed and delivered by any of the parties, and shall be deemed
to be an original and all of which shall constitute one agreement effective as of the
reference date first written below. An executed faxed copy of this Agreement shall be
construed by all parties hereto as an original version of the Agreement.

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in execution
of this Agreement on __FEBRUARY__ __1_____, 2013,

MYLER, RUDDY & MCTAVISH

By: G. Alexander McTavish

Stone Rose Limited Partnership

By: Stone Rose Management, Inc., it general
partner

By: Its Authorized Officer
JOSEPH DINGES - PRESIDENT

5

# United States Bankruptcy Court

## Northern District of Illinois

In re    Stone Rose, LP                                          ,    Case No. _____

                                                    Debtor

                                                         Chapter_____11_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| See attached schedule | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the President, Stone Rose Mgmt, Inc, General Partner of the partnership named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date____April 19, 2013_____        Signature _/s/ Joseph G. Dinges_____
                                                        Joseph G. Dinges
                                                        President, Stone Rose Mgmt, Inc, General Partner

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

___0___   continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re   Stone Rose, LP                                                    Case No.

                                                      Debtor(s)      Chapter      11

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                      59

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:     April 19, 2013                      /s/ Joseph G. Dinges

                                                  Joseph G. Dinges/President, Stone Rose Mgmt, Inc, General Partner
                                                  Signer/Title

22 High Rd LLC
7101 Cupola Ct
Cary, IL 60013


Alan D Swanson
6N999 Bristol Ct
Saint Charles, IL 60175


Albert Bare
c/o Jordan Chalmers
4229 N Albany Ave
Chicago, IL 60618


Bernard Hirsch IRA
2015 Gladstone Dr
Wheaton, IL 60187


Brian Murphy
4N886 Dover Hill Road
Saint Charles, IL 60175


Brian Murphy IRA
65 West Ave, #701
Miami Beach, FL 33139


Caren Messina Hirsch
2105 Gladstone Dr
Wheaton, IL 60187


Charles Mark Jackson
1480 Lloyd Ct
Wheaton, IL 60187


Dan Dal Degan
3817 Grandview Ct
Saint Charles, IL 60175


Daniel A Sergei
15180 Thiesan Trail
Batavia, IL 60510


David Cohen
5855 N Sheridan Rd, #18A
Chicago, IL 60660

David Durtsche
7N190 Lancaster Rd
Saint Charles, IL 60175


DELT Properties, LLC
c/o Dan LaMont
24782 Red Lodge Pl
Laguna Hills, CA 92653


Denker & Muscarello
4N701 School Road
Saint Charles, IL 60175


G Porter & Co
3104 Greenwood Ln
Saint Charles, IL 60175


Gary L Conover IRA
16995 Grandview Dr
Petersburg, IL 62675


Gary L Conover Trust
6995 Grandview Dr
Petersburg, IL 62675


Gary Mills
2150 W Irving Park Rd, Unit D
Chicago, IL 60618-3924


Gerald C Olson
36W663 Andrea Ct
Saint Charles, IL 60175


Geraldine Knaak Estate
c/o Northern Trust
505 S LaSalle St
Chicago, IL 60603


Harold Engh
2455 Oak Bend Pl
Newburgh, IN 47630


Hayley Stoen

Ivy Grove LLC/Dominic A Sergi
SFP CRE
200 W Monroe St, Ste 1700
Chicago, IL 60606


Ivy Grove, LLC
200 W Monroe St
Chicago, IL 60606


James E O'Halloran
O'Halloran Law Offices, PC
107 W. 1st St.
Elmhurst, IL 60126


John C Harris
7200 Jarboe St
Kansas City, MO 64114


John Stewart


Jordan Chalmers
4229 N Albany Ave
Chicago, IL 60618


Joseph G Dinges
36W370 Andrea Ct
Saint Charles, IL 60175


Keith R Bishop IRA
228 Newton Ave
Glen Ellyn, IL 60137


Kenneth F DeVito Trust
77 S Evergreen Ave, #1001
Arlington Heights, IL 60005


Kenneth Johnson
36W509 Michaell Ct
Saint Charles, IL 60175


Kevin M Knudson
36W912 Walnut Ridge Ln
Saint Charles, IL 60174

Linda Kay Harris
7200 Jarboe St
Kansas City, MO 64114


Mark D Belongia
Belongia Shapiro, LLP
20 S. Clark St., Suite 300
Chicago, IL 60603


Metcalf Bank
PO Box 748
Jefferson City, MO 65102


Metcalf Bank
4801 Town Center Drive
Leawood, KS 66207


Michael Gow
36W136 Fieldcrest
Saint Charles, IL 60175


Michael McNamara
36W455 Lancaster Rd
Saint Charles, IL 60175


Patricia K Bellah
5N211 Wilton Croft Rd
Saint Charles, IL 60175


Pearle Cohen
5855 N Sheridan Rd, #18A
Chicago, IL 60660


Phil Cunningham
36W525 Michael Ct
Saint Charles, IL 60175


Richard B Shillingburg
272 Remington Dr
Saint Charles, IL 60175


Richard J Pederson
850 Deerpath Ct
Wheaton, IL 60187

Robert Breisch
1907 Bull Ridge Drive
McHenry, IL 60050


Robert Douglas Leeper
36W410 Lancaster Rd
Saint Charles, IL 60175


Robert E Pradelski
7101 Cupola Ct
Cary, IL 60013


Robert E Pradelski Trust
7101 Cuploa Ct
Cary, IL 60013


Robert L Harris
1401 Acorn Ct
Dundee, IL 60118


Sandra Conover
16995 Grandview Dr
Petersburg, IL 62675


Sergei Enterprises, LLP
811 W Evergreen, Ste 101
Chicago, IL 60642


SFD Group, LP
200 W Monroe St
Chicago, IL 60606


Sharon E Frolick
835 Santa Maria Dr
Naperville, IL 60540


Silver Land I, LLC
c/o Jerry Olson
36W663 Andrea Ct
Saint Charles, IL 60175


Steve Perry
25131 Buckskin
Laguna Hills, CA 92653

Tom Kelly
15290 Stillwell Road
Bonner Springs, KS 66012


William J Bellah
5N211 Wilton Croft Rd
Saint Charles, IL 60175


William Vaughn Moore
7N204 Windsor Dr
Saint Charles, IL 60175


WOZ 1, LLC
c/o Rand Zimmerman
3844 Milwaukee Wt
Denver, CO 80206