IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 7 |
| | No. 13-16410 |
| **Stone Rose, LP**, | Hon. Eugene R. Wedoff |
| | |
| Debtor. | Hrg Date: Jan. 8, 2014, 9:30 AM |
| | Chicago, Illinois |

NOTICE OF HEARING

To:  All creditors and parties in interest
set forth on the attached service list

On January 8, 2014, at 9:30 AM, we shall appear before the Hon. Eugene R. Wedoff in the U.S. Bankruptcy Court, U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604, Courtroom 744, and present the First and Final Application of Foote, Mielke, Chavez & O'Neil, LLC for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor. A copy of the Coversheet accompanying the application is attached. The complete application is available from the clerk's office.

Stone Rose, LP

s/G. Alexander McTavish
ARDC #1871013
Foote, Mielke, Chavez & O'Neil, LLC
10 W. State St., Suite 200
Geneva, IL 60134
630-232-7450
Email: amctavish@fmcolaw.com

CERTIFICATE OF SERVICE

G. Alexander McTavish, an attorney, certifies that he served this Notice and First and Final Application of Foote, Mielke, Chavez & O'Neil, LLC for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor on the following persons in the manner set forth below on December 12, 2013.

s/ G. Alexander McTavish

SERVICE LIST

**VIA ECF NOTICE TO REGISTRANTS**

| | |
|---|---|
| Patrick S Layng | Timothy M Swanson |
| USTPRegion11.MD.ECF@usdoj.gov | tswanson@stinson.com |
| Joel A Stein | Charles V Muscarello |
| joelastein@dlec.com | cvm@denkermuscarello.com |
| Mark D. Belongia | Andrew Muller |
| mbelongia@ralaw.com | amuller@stinson.com |
| Elizabeth C. Berg | Joseph A Baldi |
| bergtrustee@baldiberg.com | jabaldi@baldiberg.com |

**VIA US MAIL**

| | | |
|---|---|---|
| 22 High Rd LLC | Alan D Swanson | Albert Bare |
| 7101 'Cupola Ct | 6N999 Bristol Ct | c/o Jordan Chalmers |
| Cary, IL 60013 | Saint Charles, IL 60175 | 4229 N Albany Ave |
| | | Chicago, IL 60618 |
| Bernard Hirsch IRA | Brian Murphy | Brian Murphy IRA |
| 2015 Gladstone Dr | 4N886 Dover Hill Road | 65 West Ave, #701 |
| Wheaton, IL 60187 | Saint Charles, IL 60175 | Miami Beach, FL 33139 |

| | | |
|---|---|---|
| Caren Messina Hirsch<br>2105 Gladstone Dr<br>Wheaton, IL 60187 | Charles Mark Jackson<br>1480 Lloyd Ct<br>Wheaton, IL 60187 | Dan Dal Degan<br>3817 Grandview Ct<br>Saint Charles, IL 60175 |
| Daniel A Sergei<br>15180 Thiesan Trail<br>Batavia, IL 60510 | David Cohen<br>5855 N Sheridan Rd, #18A<br>Chicago, IL 60660 | David Durtsche<br>N190 Lancaster Rd<br>Saint CharJes, IL 60175 |
| DELT Properties, LLC<br>clo Dan LaMont<br>24782 Red Lodge PI<br>Laguna Hills, CA 92653 | Denker & Muscarello<br>4N70 1 School Road<br>Saint Charles, IL 60175 | G Porter & Co<br>3104 Greenwood Ln<br>Saint Charles, IL 60175 |
| Gary L Conover IRA<br>16995 Grandview Dr<br>Petersburg, IL 62675 | Gary L Conover Trust<br>6995 Grandview Dr<br>Petersburg, IL 62675 | Gary Conover<br>Charles K Smith<br>Atty at Law<br>113 E Douglas<br>Petersburg, IL 62765 |
| Gary Mills<br>2150 W Irving Park Rd, Unit D<br>Chicago, IL 60618·3924 | Sandra Conover<br>16995 Grandview Dr<br>Petersburg, IL 62675-6817 | |
| Gerald C Olson<br>36W663 Andrea Ct<br>Saint Charles, IL 60175 | Geraldine Knaak Estate<br>clo Northern Trust<br>505 S LaSalle St<br>Chicago, IL 60603 | Harold Engh<br>2455 Oak Bend PI<br>Newburgh, IN 47630 |
| Hayley Stoen | Ivy Grove LLC<br>Dominic A Sergi<br>SFP CRE<br>200 W Monroe St, Ste 1700<br>Chicago, IL 60606 | Ivy Grove, LLC<br>200 W Monroe St<br>Chicago, IL 60606 |
| James E O'Halloran<br>O'Halloran Law Offices, PC<br>107 W. 1st St.<br>Elmhurst, IL 60126 | John C Harris<br>7200 Jarboe St<br>Kansas City, MO 64114<br>John Stewart | Jordan Chalmers<br>4229 N Albany Ave<br>Chicago, IL 60618 |
| Joseph G Dinges<br>36W370 Andrea Ct<br>Saint Charles, IL 60175 | Keith R Bishop IRA<br>228 Newton Ave<br>Glen Ellyn, IL 60137 | Kenneth F DeVito Trust<br>77 S Evergreen Ave, #1001<br>Arlington Heights, IL 60005 |

Kenneth Johnson
36W509 Michaell Ct
Saint Charles, IL 60175

Kevin M Kn udson
36W912 Walnut Ridge Ln
Saint Charles, IL 60174

Linda Kay Harris
7200 Jarboe St
Kansas City, MO 64114

Mark D Belongia
Belongia Shapiro, LLP
20 S. Clark St., Suite 300
Chicago, IL 60603

Metcalf Bank
PO Box 748
Jefferson City, MO 65102

Metcalf Bank
4801 Town Center Drive
Leawood, KS 66207

Michael Gow
36W136 Fieldcrest
Saint Charles, IL 60175

Michael McNamara
36W455 Lancaster Rd
Saint Charles, IL 60175

Patricia K Bellah
5N211 Wilton Croft Rd
Saint Charles, IL 60175

Pearle Cohen
5855 N Sheridan Rd, #18A
Chicago, IL 60660

Phil Cunningham
36W 525 Michael Ct
Saint Charles, IL 60175

Richard B Shillingburg
272 Remington Dr
Saint Charles, IL 60175

Richard J Pederson
850 Deerpath Ct
Wheaton, IL 60187

Sandra Conover
16995 Grandview Dr
Petersburg, IL 62675

Robert Breisch
1907 Bull Ridge Drive
McHenry, IL 60050

Robert Douglas Leeper
36W410 Lancaster Rd
Saint Charles, IL 60175

Robert E Pradelski
7101 Cupola Ct
Cary, IL 60013

Rohert E Pradelski Trust
7101 Cuploa Ct
Cary, IL 60013

Robert L Harris
1401 Acorn Ct
Dundee, IL 601

Sergei Enterprises, LLP
811 W Evergreen, Ste 101
Chicago, IL 60642

SFD Group, LP
200 W Monroe St
Chicago, IL 60606

Sharon E Frolick
835 Santa Maria Dr
Naperville, IL 60540

Silver Land I, LLC
c/o Jerry Olson
36W663 Andrea Ct
Saint Charles, IL 60175

Steve Perry
25131 Buckskin
Laguna Hills, CA 92653

Tom Kelly
15290 Stillwell Road
Bonner Springs, KS 66012

William J Bellah
5N211 Wilton Croft Rd
Saint Charles, IL 60175

William Vaughn Moore
7N204 Windsor Dr
Saint Charles, IL 60175

WOZ 1, LLC
c/o Rand Zimmerman
3844 Milwaukee Wt
Denver, CO 80206

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| | No. 13-16410 |
| **Stone Rose, LP**, | Hon. Eugene R. Wedoff |
| Debtor. | Hrg Date: Jan. 8, 2014 @ 9:30 AM |
| | Geneva, Illinois |

COVERSHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Foote, Mielke, Chavez & O'Neil, LLC |
| Authorized to provide professional services to: | Stone Rose, LP |
| Date of order authorizing employment: | May 28, 2013 |
| Period for which compensation is sought: | 4/15/2013 through 12/9/2013 |
| Amount of fees sought: | $29,322.50 |
| Amount of expense reimbursement sought: | $835.11 |
| Retainers received to be applied to fees and expenses | $25,497.98 |
| Balance of fees and expenses sought after application of retainers: | $4,659.63 |
| This is a: | Final Application |

If this is not the first application filed by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | Fees | |
| | | Expenses | |

Dated: December 9, 2013

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
|  | No. 13-16410 |
| **Stone Rose, LP**, | Hon. Eugene R. Wedoff |
|  |  |
| Debtor. | Hrg Date: Jan. 8, 2014, 9:30 AM |
|  | Chicago, Illinois |

FIRST AND FINAL APPLICATION OF
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR THE DEBTOR

G. Alexander McTavish of Foote, Mielke, Chavez & O'Neil, LLC (**FMCO**), respectfully submits this first and final application for allowance of compensation and reimbursement of expenses as counsel for the debtor for the period beginning on April 15, 2013 through December 9, 2013. FMCO submits this application as an administrative expense of the Chapter 11 case pursuant to section 330 of the Bankruptcy Code, and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

In this application, FMCO respectfully requests the court enter an order awarding FMCO final compensation for the relevant period of $29,322.50 and reimbursement for ordinary and necessary expenses incurred during the relevant period of $835.11.

INTRODUCTION

1. On April 19, 2013, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the debtor retained possession of its assets and continued the operation and management of its business affairs as a debtor-in-possession. Stone Rose, LP is a Delaware limited partnership formed in 2005. The debtor was formed for the purpose of investing in real estate, securities, and other assets offering the potential for superior capital appreciation or total return. The debtor initially had 55 limited partners collectively investing approximately $11 million.

2. At the time of filing, the debtor owned an 82-acre parcel of vacant development land in Wyandotte County, Kansas and a 75% membership interest in Big House Investments, LLC, a California limited liability company. Big House Investments, in turn, owned a 17-acre parcel of development land in Edwardsville, Kansas. Both properties were subject to mortgages in favor of Metcalf Bank, each in excess of $2.2 million. At the time of filing, interest on the mortgages was being paid from interest reserve accounts established with respect to each loan. The interest reserve account on the 17-acre parcel would exhaust itself in June 2013 and the interest reserve account with respect to the 82-acre parcel will be exhausted in June 2014. The debtor also scheduled claims against several individuals, members of the debtor's prior management, for amounts claimed due for unauthorized distributions or expenditures of the debtor's funds. The point of the Chapter 11 was to allow the debtor breathing room to sell the properties within the time constraints imposed by the looming exhaustion of the interest

reserve accounts. If that could be achieved, the debtor could pursue its claims against prior management in order to obtain the best possible return to the creditors of the debtor and, hopefully, something for the limited partners.

3.  Counsel for the debtor negotiated a plan with counsel for Metcalf Bank, the holder of both of the mortgages, that would have given the debtor additional time to sell the 82-acre parcel and under which the bank would have funded all of the costs of an auction of the property if it came to that, including all advertising costs nationwide. Within the time allowed by the Court and without extension, counsel for the debtor drafted and filed a disclosure statement and plan that would have implemented the agreement with the bank and provided for the orderly liquidation of the assets of the debtor. However, after the plan and disclosure statement were filed, one of the limited partners of the debtor filed a motion for the appointment of a Chapter 11 trustee and the Court determined that the case should be converted rather than holding a hearing on the motion and entered the order of conversion on October 2, 2013.

4.  At the time of filing, G. Alexander McTavish was a partner in the firm of Myler, Ruddy & McTavish (**MRM**). When MRM was originally retained it received an advance payment retainer in the amount of $32,350 pursuant to a written retainer agreement. Prior to filing, $5639.02 was charged against the retainer for prepetition services rendered by MRM. An additional $1213 was charged against the retainer for the payment of the filing fee for the Chapter 11 case, leaving a balance of $25,497.98 to the credit of the debtor. After filing, MRM ceased operations and G. Alexander McTavish became associated with

FMCO. On May 28, 2013, the Court entered an order authorizing the debtor to employ G. Alexander McTavish and FMCO and its members as its attorneys in this bankruptcy case. Pursuant to that order, $25,497.98 was transferred from MRM to FMCO pending further order of the Court.

5. To aid the Court in its review of this application and in accordance with the local rules of this Court and the guidelines established by the United States Trustee, FMCO has divided its services into categories. Part I sets forth the categories, a brief description of the services provided, and the results achieved. Part II describes the manner in which the fees and costs were calculated.

## I. SERVICES PERFORMED

1. **Asset Analysis and Recovery**.    FMCO spent 2.10 hours on matters relating to asset analysis and investigation for which it requests compensation of $640.50 and no expenses. This category includes initial review and investigation of the debtor's financial position to ascertain whether and what kinds of assets or recoveries might be made for the benefit of the debtor's creditors. It also includes following up and answering questions in connection with the closing of the sale of the 17-acre parcel by Big House Investments, LLC.

2. **Case Administration**.  FMCO spent 25.90 hours on matters relating to case administration for which it requests compensation of $7899.50 and expenses of $205.17. This category includes legal matters relating to general estate administration activities, including communications with the United States trustee, and creditors, matters required in connection with the monthly operating reports

and other reporting required of the debtor during the Chapter 11 case, as well as the general day-to-day matters arising during the pendency of the case. This category also includes maintaining the case file, such as sorting and filing court documents and correspondence, and maintaining the service list.

   3. **Employment Applications and Fee Petitions**. FMCO spent 11.50 hours on matters relating to employment applications and fee petitions for which it requests compensation of $2177.50 and expenses of $405.64. This category includes preparation of the motion and order approving the employment of the attorneys for the debtor and any required court appearances and the preparation of this fee petition and attendance at the hearing thereon. Although 6 hours were spent as shown on the accompanying time sheets for the preparation of and hearing on this fee petition, the actual amount charged has been limited to a flat $500 which is more than $1300 less than amount due if charged on an hourly basis and less than 2% of the amount of the compensation requested.

   4. **Financing, Cash Collateral, and Adequate Protection**. FMCO spent 6.40 hours on matters related to financing, cash collateral, and adequate protection for which it requests $1952.00 in compensation and $157.30 in expenses. This time was spent negotiating, drafting and presenting an agreed order whereby Metcalf Bank was allowed to continue to draw interest payments on the mortgage on the 82-acre parcel from the interest reserve account as adequate protection during the Chapter 11 case without prejudice to the debtor's right at any time during the Chapter 11 case, to ask the Court to terminate, defer or substitute for the adequate protection provided in the order.

5. **Meetings of creditors**. FMCO spent 13.20 hours on matters related to meetings of creditors for which it requests compensation of $4026.00 and $67.00 in expenses. This category includes reviewing the debtor's schedules in preparation for the meetings, communications with the United States Trustee and the attorneys for several creditors taking an active role in the case, and attending the introductory meeting with the United States Trustee in the Chapter 11 case, the official meeting of creditors in the Chapter 11 case, as well as two sessions of the first meeting of creditors in the Chapter 7 case.

6. **Plan and Disclosure Statement**. FMCO spent 39.20 hours on matters relating to the plan and disclosure statement for which it requests compensation in the amount of $11,956.00 and no expenses. This time was spent in the negotiation of the plan with Metcalf Bank, other interested creditors and limited partners of the debtor, and the debtor's management team, and in drafting several versions of the proposed plan and disclosure statement, including all of the required and additional exhibits thereto and notices in connection therewith.

7. **Stay Matters**. FMCO spent 2.2 hours on matters related to stay matters for which it requests compensation of $671.00 and no expenses. This time was spent drafting and presenting the debtor's motion to extend the automatic stay to its general partner, Stone Rose Management, Inc.

II. CALCULATION OF TIME AND FEES

8. This is FMCO's first and final application for compensation. It covers the period from April 23, 2013 through December 9, 2013. All professional services

for which compensation is requested, and all reimbursement for expenses incurred, have been for services directly related to this case and were rendered to the debtor and the estate. No agreement or understanding exists between FMCO and any other person for the sharing of compensation received or to be received in connection with this case, other than among members of the firm, with the exception of the time spent by Richard G. Larsen, a former partner in MRM, in covering the first meeting of creditors in the Chapter 11 case.

9.   In preparing this fee application, FMCO has calculated the amount of time spent by each attorney in performing actual, necessary legal services for the estate. The information used comes from the time and billing system maintained by FMCO for each client. The hourly rates charged are the hourly rates charged by FMCO for comparable services to comparable clients. There are no instances where more than one attorney billed for a particular service.

10.   To aid the court in its review of this application, FMCO has attached its time and billing records as Exhibit A, separated into the categories described above. The hourly rates charged by each of the attorneys are summarized at the end of each section along with the expenses incurred in connection with the services provided in the particular category. Also included is an overall summary of the charges. In general, attorneys' time has been charged at $305 per hour.

11.   The total amount of fees and expenses incurred during the applicable period is $30,157.61. Subtracting the remaining retainer of $25,497.98 leaves $4659.63 to be paid as an administrative expense of the Chapter 11 case to be paid if and when funds are available in the Chapter 7 case according to the

priorities established under the Bankruptcy Code.

WHEREFORE, FMCO respectfully requests that the Court enter the attached proposed order—

A.  awarding FMCO reasonable compensation in the amount of $29,322.50 for actual, necessary legal services provided during the period;

B.  allowing FMCO reimbursement of $835.11 for actual, reasonable, and necessary expenses incurred during the period;

C.  authorizing FMCO to apply the remaining retainer of $25,497.98 to the fees and expenses allowed and allowing the balance as an administrative expense of the Chapter 11 case to be paid if and when funds are available in the Chapter 7 case according to the priorities established under the Bankruptcy Code; and

D.  granting such further relief as the Court deems equitable and just.

/s/ G. Alexander McTavish
Foote, Mielke, Chavez & O'Neill, LLC
10 W. State St., Suite 200
Geneva, IL 60134
630.232.7450
630.232.7452 Fax